**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KHADEZA PYFROM**, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 2:21-cv-4293 |
| v. | ) ) | JUDGE |
| **CONTACTUS, LLC**, **dba CONTACTUS COMMUNICATIONS,** | ) ) ) ) | MAGISTRATE JUDGE  **JURY DEMAND ENDORSED HEREON** |
| -and- | ) ) | |
| **CONTACTUS TECHNOLOGY, LTD. dba CONTACTUS COMMUNICATIONS** | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Now come Named Plaintiff Khadeza Pyfrom ("Pyfrom," "Named Plaintiff Pyfrom," "Plaintiff," or "Class Plaintiff"), by and through counsel, for her Complaint against Defendants ContactUS, LLC and ContactUS Technology, LTD., d/b/a ContactUS Communications (collectively "Defendants" or "ContactUS"), who state and allege the following:

1.      This is a "collective action" instituted by Named Plaintiff as a result of Defendants' practices and policies of not paying their hourly, non-exempt employees, including Plaintiff and other similarly situated employees for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19. This action also seeks relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, 4111.03, 4111.08, and 4111.10 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are

brought as a collective action pursuant to 29 U.S.C. § 216(b); the claims pursuant to the Ohio Wage Act and the OPPA are brought as a class action pursuant to Federal Rule of Civil Procedure 23.

2.      The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367 because this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants' principal place of business is in this District, they jointly employed Plaintiff and others similarly situated in the Southern District of Ohio, and they conduct business throughout this District and Division.

4.      At all times relevant herein, Plaintiff was a citizen of the United States and resident of this District. Plaintiff Pyfrom's Consent to Join Form is being filed with this Complaint. *See* **Exhibit 1**.

5.      At all times relevant herein, Plaintiff was jointly employed by Defendants within the meaning of 29 U.S.C. § 203(e), the Ohio Wage Act, and Ohio Constitution Art. 2 § 34a.

6.      At all times relevant herein, Defendant ContactUS, LLC was a domestic limited liability company, organized and existing under the laws of the State of Ohio but doing and conducting business throughout various states in the United States, including Ohio within this District and Division, and Defendant ContactUS, LLC maintains its principal place of business within this District and Division. Upon information and belief, Defendant ContactUS, LLC does business as ContactUS Communications.

7.      At all times relevant herein, Defendant ContactUS Technology, LTD was a

2

domestic limited liability company, organized and existing under the laws of the State of Ohio but doing and conducting business throughout various states in the United States, including Ohio within this District and Division, and Defendant ContactUS Technology, LTD maintains its principal place of business within this District and Division. Upon information and belief, Defendant ContactUS Technology, LTD does business as ContactUS Communications.

8.  At all times relevant herein, Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

9.  At all times relevant herein, Defendants are and have been, jointly and individually, a single integrated enterprise within the meaning of 29 U.S.C. § 203(r).

10.  At all times relevant herein, Defendants are and have been, jointly and individually, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11.  At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206–07.

12.  Written consent to join this action, as and when executed by Named Plaintiff and other individual plaintiffs, have been and will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13.  Defendants, which operate and do business as ContactUS Communications, provide call center services to their company customers in a variety of industries.

14.  Defendants operate call centers and also employ remote (in-home) customer service representatives in Ohio and elsewhere throughout the United States.

3

15. At all times material to this Complaint, Named Plaintiff first worked as a customer support representative for Defendants at Defendants' corporate headquarters located at 3700 Fishinger Blvd., Columbus, Ohio 43026, and then later worked for Defendants as a remote support representative from her home.

16. Other similarly situated employees were employed by Defendants as support associates, customer service representatives, other call center positions, and/or in-home support positions at Defendants' call centers in Ohio and throughout the United States.

17. Plaintiff and other similarly situated employees were non-exempt employees paid on an hourly basis.

18. Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

### Failure to Pay For Time Spent Troubleshooting

19. Plaintiff and other similarly situated employees were required by Defendants to perform unpaid work that was integral and indispensable to their duties before and after clocking in each day, both at Defendants' physical call centers and while working remotely, including, but not limited to: attending to technical issues and/or problems with Defendants' systems; calling into Defendants' technical support line; waiting for assistance from Defendants' technical support representatives; resolving issues with computers and/or other systems or programs that are not functioning properly; and/or otherwise when designated by Defendants as being in "reserve" in which Plaintiff and other similarly situated employees were not actively taking customer calls for various reasons, including but not limited to technical problems or troubleshooting issues with Defendants' computers and/or systems as detailed above.

20. By common policy and practice, Defendants failed to pay Plaintiff and other

similarly situated employees for all time spent before, during, and after their shifts attending to the issues detailed in the preceding paragraph and/or when Plaintiff and other similarly situated employees were not actively taking customer calls, or were unable to take customer calls, for various reasons.

21.     By common policy and practice, Defendants required Plaintiff and other similarly situated employees to clock out of Defendants' timekeeping systems, or not to clock in to timekeeping systems, when such employees were not actively taking customer calls, or were unable to take customer calls, for various reasons, including but not limited to issues with Defendants' computers or systems and similar troubleshooting problems during the workday as more fully described above.

22.     By common policy and practice, Defendants clocked Plaintiff and other similarly situated employees out of Defendants' timekeeping systems if Defendants discovered they were in "reserve" or were otherwise unable to take customer calls for various reasons during their shift, including when Plaintiff and other similarly situated employees were actively trying to take customer calls but unable due to problems with Defendants' computers or systems, and/or similar troubleshooting or technical problems during the workday.

23.     Defendants failed to count work performed by Plaintiff and other similarly situated employees as "hours worked" in violation of federal and state wage laws.

24.     Plaintiff and other similarly situated employees performed this unpaid work frequently - it constituted part of their fixed and regular working time and it was compensable.

25.     This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendants.

26.     There was no practical administrative difficulty with recording this unpaid work of

Plaintiff and other similarly situated employees. Indeed, Defendants often instructed Plaintiff and other similarly situated employees to clock out while they were actively trying to take customer calls but were unable due to problems with Defendants' computers or systems, and/or similar troubleshooting or technical problems during the workday, or Defendants' supervisors clocked out Plaintiff and other similarly situated employees while experiencing these issues.

27.     This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

28.     Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees. They cannot perform their work without resolving any problems with Defendants' computers or systems when necessary.

29.     Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees for all hours and compensable time worked each day.

**Failure to Pay Overtime Compensation**

30.     As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

31.     Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**Failure to Keep Accurate Records**

32.     Defendants failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees.

6

## **COLLECTIVE ACTION AND CLASS ALLEGATIONS**

33.     Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b) and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

34.     The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current hourly support associates, customer service representatives, agents or similar call center or in-home representatives of Defendants who were scheduled to work 40 or more hours in one or more workweeks beginning three years before this Complaint was filed to the present (the "FLSA Collective" or "FLSA Collective Members").

35.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages.  Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

36.     These similarly situated employees are known to Defendants and are readily identifiable through Defendants' business and payroll records.  These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

37.     Plaintiff brings her Ohio Wage Act claims pursuant to Rule 23 as a class action on behalf of herself and all other members of the following class:

> All former and current hourly support associates, customer service representatives, agents or similar call center or in-home representatives of Defendants who were scheduled to work 40 or more hours in one or more workweeks beginning two years before this Complaint was filed to the present. (the "Rule 23 Class" or the "Rule 23 Class Members").

38.     The Rule 23 Class includes all support associates and those working in other call center positions, or other remote positions, employed by Defendants who worked in the State of Ohio during the relevant time period above.

39.     The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

40.     The Class Plaintiff is a member of the Rule 23 Class and her claims for unpaid wages are typical of the claims of the Rule 23 Class Members.

41.     The Class Plaintiff will fairly and adequately represent the Rule 23 Class Members.

42.     The Class Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

43.     The Class Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

44.     Questions of law and fact are common to the Rule 23 Class.

45.     Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to its non-exempt employees.

46.     Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Rule 23 Class as a whole.

47.     Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

48.     Questions of law and fact that are common to the Rule 23 Class include but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class Members were working each day; (c) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the named Class Plaintiff and the Rule 23 Class Members on account of Defendants' violations of the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Rule 23 Class Members on the overtime or other compensation which was withheld or not paid to them.

49.     A class action is superior to individual actions for the fair and efficient adjudication of Class Plaintiff's claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Class Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
## 29 U.S.C. § 207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME

50.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

9

herein.

51.     Defendants' practice and policy of not paying Plaintiff and other similarly situated employees all overtime wages due for work performed as described herein violated the FLSA. 29 U.S.C. § 207.

52.     Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA. 29 C.F.R. § 516.2(a)(7).

53.     By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the FLSA.

54.     As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
## O.R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

55.     All of the preceding paragraphs are realleged as if fully rewritten herein.

56.     This claim is brought under Ohio law.

57.     The Class Plaintiff and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants are jointly an employer covered by the overtime requirements under Ohio law. In the alternative, Defendants constitute a single integrated enterprise which employed Class Plaintiff and the Rule 23 Class Members.

58.     Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section

7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

59.     While employed by Defendants, the Class Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid overtime wages for this time spent working.

60.     As a result of Defendants' company-wide corporate policies, it failed to pay Plaintiff and the Rule 23 Class Members all overtime wages earned resulting in unpaid overtime.

61.     Class Plaintiff and the Rule 23 Class were not exempt from the wage protections of Ohio law.

62.     Defendants' repeated, knowing, and joint failure to pay overtime wages to the Class Plaintiffs were violations of R.C. § 4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Class Plaintiff and the Rule 23 Class Members are entitled.

63.     For Defendants' violations of R.C. § 4111.03, the Class Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. The Class Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Rule 23 Class Members.

## COUNT THREE
### O.R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

64.     All of the preceding paragraphs are realleged as if fully rewritten herein.

65.     The Class Plaintiff and the Rule 23 Class Members have been employed by Defendants.

66. During relevant times, Defendants were covered by the OPPA and the Class Plaintiff and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

67. The OPPA requires that the Defendants pay Class Plaintiff and the Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

68. During relevant times, Class Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

69. Class Plaintiff and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

70. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## COUNT FOUR
### DAMAGES PURSUANT TO O.R.C. § 2307.60

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

73. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiff and the Ohio Rule 23 Class have been injured as a result.

74. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages. \

12

75. As a result of Defendants' willful violations of the FLSA, Named Plaintiff and the Ohio Rule 23 Class are entitled to compensatory, exemplary, liquidated, and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT FIVE
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; *see also* 29 C.F.R. §§ 516.2, *et seq.* (listing the general requirements for records to be kept by employers).

78. During times material to this complaint, Defendants were a covered employer and required to comply with the Ohio Wage Act's mandates.

79. Class Plaintiff and the Rule 23 Class Members were covered employees entitled to the Ohio Wage Act's protection.

80. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Class Plaintiff and the Rule 23 Class Members by failing to properly maintain accurate records of all hours that Class Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

81. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## COUNT SIX
## NAMED PLAINTIFF'S INDIVIDUAL CLAIM FOR FLSA RETALIATION

82. All of the preceding paragraphs are realleged as if fully rewritten herein.

83. Defendants unlawfully retaliated against Named Plaintiff in violation of the FLSA.

84.     During her employment with Defendants, Plaintiff discovered Defendants' improper and violative pay practices and opposed such practices.

85.     After Plaintiff discovered that her supervisor had clocked her out of Defendants' timekeeping system during a work shift because Plaintiff was experiencing system and/or technical issues with Defendants' computer systems and was therefore unable to take customer calls at that time, Plaintiff complained to the supervisor about this improper pay practice and wage violation.

86.     Shortly after complaining about this wage violation, Defendants terminated Plaintiff's employment.

87.     Plaintiff engaged in a protected activity under FLSA and the Ohio Acts when she complained of Defendants' unlawful actions.

88.     Defendants knew that Named Plaintiff engaged in such protected activity.

89.     Because Named Plaintiff engaged in the aforementioned protected activity, Defendants unlawfully retaliated against Named Plaintiff by terminating her employment.

90.     As a direct and proximate result of Defendants' conduct, Named Plaintiff suffered and continue to suffer emotional distress and damages. In addition, Named Plaintiff seeks compensatory damages, liquidated damages, punitive damages, interest, and attorneys' fees, and all other remedies available, as a result of Defendants' retaliation in violation of 29 U.S.C. §215.

## COUNT SEVEN
## NAMED PLAINTIFF'S INDIVIDUAL CLAIM FOR RETALIATION IN VIOLATION OF THE OHIO WAGE ACT AND SECTION 34A OF THE OHIO CONSTITUTION

91.     All of the preceding paragraphs are realleged as if fully rewritten herein.

92.     Ohio Revised Code Section 4111.13(B) provides that no employer shall discharge or in any other manner discriminate against any employee because the employee has made any

complaint to the employee's employer, or to the director, that the employee has not been paid wages in accordance with sections 4111.01 to 4111.17 of the Ohio Wage Act.

93.     Section 34a of the Ohio Constitution provides that "No employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right under this section or any law or regulation implementing its provisions or against any person for providing assistance to an employee or information regarding the same."

94.     During relevant times, Named Plaintiff was employed by Defendants.

95.     Defendants are, individually and jointly, employers covered by anti-retaliation provisions set forth in the Ohio Wage Act and the Ohio Constitution, which aim to prevent employers from punishing individuals engaging in protected activity or from attempting to deter others from acting similarly.

96.     During relevant times, Named Plaintiff was subject to the protection of the anti-retaliation provisions of the Ohio Wage Act and the Ohio Constitution and are not exempt from those protections.

97.     Named Plaintiff's employment with Defendants was terminated by Defendants because she engaged in a protected activity as set forth in Ohio Revised Code § 4111.13 and the Ohio Constitution.

98.     Defendants engaged in prohibited acts as set forth in Ohio Revised Code § 4111.13 and the Ohio Constitution when they terminated or otherwise constructively discharged her.

99.     Defendants' retaliation against Named Plaintiff's is causally linked to and motivated by Named Plaintiff's exercising her lawful rights.

100.     Named Plaintiff has been harmed and continues to be harmed by Defendants' acts or omissions described herein.

101.    Named Plaintiff has been damaged by Defendants' violations of the Ohio Wage Act and Section 34a of Article II of the Ohio Constitution such that she is entitled to compensation, including back wages, damages under the Ohio Wage Act and Ohio Constitution in an amount sufficient to compensate Named Plaintiff and deter future violations of no less than $150 per day for each day that the retaliation continues, costs and reasonable attorney's fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants for an Order:

A.    Certifying the proposed FLSA collective action;

B.    Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.    Certifying the proposed Rule 23 Class under the Ohio Acts;

D.    Allowing Named Plaintiff, the FLSA Class Members, and the Rule 23 Class Members to prove their hours worked with reasonable estimates if Defendants failed to keep accurate records;

E.    Awarding to Named Plaintiff and the FLSA Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.    Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

G.      Awarding to Named Plaintiff all remedies available as a result of Defendants'
retaliation in violation of 29 U.S.C. §215 and violations of the Ohio Wage Act and Section 34a of
Article II of the Ohio Constitution;

H.      Awarding Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class
Members costs and disbursements and reasonable allowances for fees of counsel and experts, and
reimbursement of expenses;

I.      Awarding Named Plaintiff and the Rule 23 Class Members compensatory and
punitive damages under O.R.C. § 2307.60;

J.      Awarding Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class
Members such other and further relief as the Court deems just and proper;

K.      An award of damages in an amount to be proved at trial, including, but not limited
to, lost wages, compensatory damages, non-compensatory damages, emotional distress damages,
nominal damages, liquidated damages, and punitive damages;

L.      An award of the costs and expenses incurred in bringing this action together with
reasonable attorney's fees and expert fees;

M.      Granting Named Plaintiff leave to amend to file additional claims for relief or
different causes of action should information become available through investigation and
discovery; and

N.      Rendering a judgment against Defendants for all damage, relief, or any other
recovery whatsoever.

Respectfully Submitted,

**COFFMAN LEGAL, LLC**                **CONTRERAS LAW, LLC**

*/s/ Matthew J.P. Coffman*            */s/ Peter A. Contreras*
Matthew J.P. Coffman (0085586)        Peter Contreras (0087530)
1550 Old Henderson Rd.                1550 Old Henderson Road
Suite #126                            Suite 126
Columbus, Ohio 43220                  Columbus, Ohio 43220
Phone: 614-949-1181                   Phone: 614-787-4878
Fax: 614-386-9964                     Fax: 614-957-7515
Email: mcoffman@mcoffmanlegal.com     Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff hereby demands a jury trial of eight (8) persons to hear all issues so triable.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman

18