UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KHADEZA PYFROM,**
on behalf of herself and others
similarly situated

           **Plaintiff,**

    v.

**CONTACTUS, LLC D/B/A
CONTACTUS COMMUNICATIONS,** *et al.***,**

           **Defendants.**

Case No. 2:21-cv-4293
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs (ECF No. 8). For the following reasons, Plaintiff's motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Khadeza Pyfrom brings this action against Defendants ContactUS and ContactUS Technology, Ltd. (collectively "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"). According to the Complaint, Defendants provide call center and remote services to their company customers and operate customer service call centers in Ohio, Pennsylvania, and North Carolina. (Compl. ¶¶ 13–14, ECF No. 1.) Plaintiff worked as a customer support representative for Defendants and was paid on an hourly basis. (*Id.* ¶¶ 15–17.) Plaintiff alleges that she and other similarly situated workers were required to perform unpaid work after clocking out each day, including: attending to technical issues and problems with Defendants' systems; calling into Defendants' technical support line; waiting for assistance from Defendants' technical support

1

representatives; resolving technical issues with computers or programs; and otherwise when designated by Defendants as being in "reserve." In short, Plaintiff alleges that employees were not compensated for work outside of actively taking customer calls. (*Id.* ¶¶ 19–22.)

Plaintiff filed this action on August 31, 2021 seeking relief under federal and Ohio law. Plaintiff moved for conditional class certification (ECF No. 8, "Pl.'s Mot."). Defendants filed a response in opposition (ECF No. 24, "Defs.' Resp.") and Plaintiffs filed a reply (ECF No. 25, "Pl.'s Reply"). Plaintiff's motion is ripe for review.

## II. STANDARD

Plaintiff moves for conditional certification under 29 U.S.C. § 216(b).  Section 216(b) of the FLSA provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . .  An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). The Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be 'similarly situated;'" and (2) "must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)).

"For FLSA collective actions, class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Conditional certification occurs at the beginning of the discovery process. *Comer*, 454 F.3d at 546. This "notice stage" focuses on whether there are plausible grounds for plaintiffs' claims. *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2,

2

2015). "District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547).

### III. ANALYSIS

#### A. Class Certification

Plaintiff requests that the Court conditionally certify the following class:

All former and current hourly support associates, customer service representatives, agents, or similar call center or in-home representatives of Defendants who were scheduled to work forty (40) or more hours in one or more workweek(s) beginning three (3) years before the filing of this Motion and to the present.

(Pl.'s Mot. at 4.)

Defendants urge the Court to deny Plaintiff's motion, arguing: (1) Plaintiff is not similarly situated to other members of the proposed class, (2) Defendants do not have unlawful policies or practices under applicable law, and (3) Plaintiff's contentions are too vague. (Defs.' Resp. at 1, 14.) Defendants request that if the Court grants conditional certification, it reduce the Opt-In Period to 45 days instead of 90 days and limit the class to "hourly Customer Support Representatives ("CSRs") who worked remotely and were assigned to ContactUS' client, Talbots." (*Id.* at 2.)

##### 1. Similarly Situated

First, Defendants argue that Plaintiff is not similarly situated to other employees who had different job titles, performed different job duties, worked for different clients, received different training, reported to different supervisors, and utilized different computer software systems, programs, or equipment. Defendants state that the differences among class members would require mini trials for each member to determine how long they worked, what they were directed to do by

3

their supervisor, their payroll data, what training they received, etc. (*Id.* at 3, 13.) However, Plaintiff need only show that "h[er] position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Plaintiff can meet this burden by demonstrating that she and the other putative class members' claims are "'unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-cv-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)). Plaintiff submits several affidavits stating that Defendants had a policy of requiring employees to work without compensation by logging out when they were not actively taking calls, even though they were still working for the company. (*See* Pyfrom, Danison, Eubanks, Hale, Tussing Decls., ECF No. 8, Ex. 2–6.) This is a common theory of Defendants' statutory violations. The individualized proof required for recovery does not preclude class certification. Plaintiff has produced sufficient evidence that she is similarly situated to the other class members.

   2. **No Unlawful Policies**

Second, Defendants assert that Plaintiff and other employees were not victims of unlawful policies or practices because Defendants' Employee Handbook states that employees must record and report overtime: "Non-exempt employees are eligible to receive overtime pay…[and] are required to submit a time record for each pay period…" (Defs.' Resp. at 15.) Defendants also contend that Plaintiffs and other employees were fully paid for time they spent waiting for technical issues to be resolved. (*Id.*) Whether Defendants had unlawful polices is an issue of fact. During the notice stage, the Court generally does not, and will not here, consider the merits of the

claims, resolve factual disputes, or evaluate credibility. *E.g.*, *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011); *Lacy v. Reddy Elec. Co.*, 2011 WL 6149842 at *3 (S.D. Ohio Dec. 9, 2011).

### 3. Vagueness

Defendants further assert that Plaintiff's proffered declarations are vague, generic, and do not establish a company policy or direction that violates the FLSA. (Defs.' Resp. at 3.) Plaintiff submitted five sworn declarations by current and former employees of Defendants stating personal knowledge that Defendants had a policy or practice through which they failed to pay overtime for all overtime hours. (ECF No. 8, Exs. 2–6.) This evidence is sufficient to meet the "modest" evidentiary requirement of this stage. *Myers v. Marietta Memorial Hospital*, 201 F.Supp.3d 884, 896 (S.D. Ohio Aug. 17, 2016); *see also Douglas v. GE Energy Renter Stokes*, No. 1:07-cv-77, 2007 WL 1341779, at *4 (N.D. Ohio Apr. 30, 2007) ("At the notice stage, the district court makes a decision—based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.").

### 4. Limiting the Proposed Class Definition

Defendants further contend that the Proposed Class definition should be revised and limited only to customer service representatives who worked remotely and were assigned to the Talbots account, like Plaintiff. (Defs.' Resp. at 18.) This argument is not persuasive.

Courts generally allow FLSA employee classes spanning multiple locations where the plaintiff submits affidavits from employees at other locations. *See, e.g.*, *Cowan v. Nationwide Mut. Ins. Co.*, No. 2:19-cv-1225, 2019 WL 4667497, at *9 (S.D. Ohio Sept. 25, 2019) (approving nationwide conditional class based on plaintiff's submission of declarations from nine current and former employees from four different locations in four different states). In the two cases that

Defendants cite in support, the courts limited the class to employees at the plaintiffs' specific employment locations because the plaintiffs did not submit affidavits of other employees from different locations and did not adequately state that they had "actual knowledge about the job duties and conditions" outside their specific location. *See Bradford v. Team Pizza, Inc.*, No. 1:20-CV-60, 2020 WL 3496150, at *6 (S.D. Ohio June 29, 2020) (limiting proposed class to employees at plaintiff's pizza store location because "there [were] no affidavits from delivery drivers of any other Team Pizza store around the state or the country, nor has plaintiff alleged facts showing an across-the-board policy concerning pay structures that applies to the Akron and other Team Pizza stores."); *Gomez v. ERMC Prop. Mgmt. Co., LLC*, No. 3:13-CV-01081, 2014 WL 1513945, at *2 (N.D. Ohio Apr. 16, 2014) (limiting proposed class to one office because plaintiff did not show that she had personal knowledge of whether employees at other sites also were required to work while not on the clock).

Here, Plaintiff produced affidavits from employees working in-person and remotely in different locations. Naleesha Hale worked at Defendants' facility in Grindstone, Pennsylvania and also as a remote customer service representative. Khadeza Pyfrom and Sherry Tussing worked at Defendants' facility at 3700 Fishinger Rd in Columbus, Ohio and also remotely. Bonnie Eubanks and Deidra Danison worked remotely. (*See* Exs. 2–6, ECF No. 8.) These affidavits are sufficient evidence that Defendants have the same policies and practices spanning multiple locations. The Court also refuses to limit the Proposed Class to employees working on the Talbots' account because the Defendants' overtime policies and practices do not appear to differ based on which clients the employees serve.

Finally, the Defendants argue that the Proposed Class should be limited to current employees and prior employees who left in the last two years instead of three years because the

statute of limitations under 29 U.S.C. § 255(a) to recover unpaid overtime wages is two years, unless the violation is willful, in which case the limitations period is three years. (Defs.' Resp. at 19.) The Plaintiff contends that this is a merits determination inappropriate for the notice phase. The Court agrees. Because Plaintiff does not have to prove willfulness at this stage the lookback period is not limited to two years. *See Seldomridge v. Fifth Third Bank*, No. 1:18-cv-553, 2019 WL 384203, at *5 (S.D. Ohio Aug. 15, 2019) (citing 29 U.S.C. § 255(a)) ("At this early stage in the litigations, without the benefit of discovery, the Court will impose a three-year statute of limitations for purposes of conditional certification.")

For the reasons stated above, the Court **GRANTS** conditional class certification to Plaintiff's Proposed Class.

### B. Notice Period

Defendants assert that the notice period should be 45 days instead of 90 days because recent cases in this Court have approved periods of 45 days. (Defs.' Resp. at 20.) As Plaintiff points out, however, the plaintiffs in those cases either requested a period of 45 days or the class was only in one location. (Pl.'s Reply at 19.) Here, the Proposed Class spans multiple states. Plaintiff also contends that a 90-day period is necessary because the mail system is experiencing delays due to the pandemic and staffing shortages. The Court finds that a 90-day Opt-In period is warranted because the Proposed Class includes people from multiple states and employment locations.

### C. Pre-Certification Discovery

Defendants request the Court's permission to conduct limited discovery as to whether the Proposed Class is similarly situated to Plaintiff. (Defs.' Resp. at 17.) Plaintiff replies that discovery is unnecessary because she has submitted sufficient evidence for conditional certification and courts routinely grant conditional certification prior to discovery. (Pl.'s Reply at 14.) Plaintiff is

correct. The Sixth Circuit has prescribed the first phase of the two-phase certification inquiry to take place "at the beginning of discovery." *Comer*, 454 F.3d at 546. "[T]he conditional-certification framework contemplates that [] discovery will be conducted after the first phase—conditional certification—and before the second phase—final certification or decertification." *Myers*, 201 F.Supp.3d at 893. In this case, discovery is unnecessary at the notice stage. The Court denies Defendants' request.

### D. List of Potential Opt-In Plaintiffs and Contact Information

Plaintiff requests that the Court direct Defendants to provide contact information for all persons who fit the Proposed Class definition. (Pl.'s Mot. at 19.) Defendants did not object to this. Plaintiff's discovery request is **GRANTED**. Defendants will provide the contact information of all persons who fit the class definition within 14 days from the date of this Order.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs, (ECF No. 8), is **GRANTED**. Defendants are **DIRECTED** produce contact information for potential members of the Proposed Class within **FOURTEEN (14) DAYS**.

IT IS SO ORDERED.

**4/5/2022**  
**DATED**

s/Edmund A. Sargus, Jr.  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**