**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KHADEZA PYFROM, on behalf of**
**herself and all others similarly situated,**

    **Plaintiff,**

  **v.**                                             **Case No. 2:21-cv-4293**
                                                     **JUDGE EDMUND A. SARGUS, JR.**
                                                     **Magistrate Judge Chelsey M. Vascura**

**CONTACTUS, LLC, d/b/a**
**CONTACTUS COMMUNICATIONS,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Parties' Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice.  (Jt. Mot., ECF No. 113.)  For the reasons stated below, the Joint Motion is **GRANTED**.

## BACKGROUND

Plaintiff Khadeza Pyfrom ("Representative Plaintiff") brought the above-captioned action against Defendant ContactUS, LLC ("Defendant" or "ContactUS") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws.  (ECF No. 1.) Representative Plaintiff alleges that Defendant violated the FLSA by failing to pay hourly non-exempt employees for all time spent before, during, and after their shifts when they were not actively taking customer calls or when they were unable to take customer calls for various reasons. (*Id.*)  Defendant denies these allegations and asserts that it properly paid its hourly non-exempt employees, including Representative Plaintiff, for all hours worked.  This matter was conditionally certified as a collective action and over 960 employees joined the action, including Representative

Plaintiff (collectively "Plaintiffs").  (ECF No. 33.)[1]  In addition to their counsel, Representative Plaintiff and Defendant participated in a mediation that was not successful, but thereafter settled Plaintiffs' claims and now move for approval of their settlement agreement. (*Id*.)

The Parties' proposed settlement totals $750,000.00 (the "global settlement amount"). (ECF No. 113, at PageID # 1939.)  The global settlement amount consists of individual payments to the Opt-In Plaintiffs, a $10,000 service award to Representative Plaintiff, the cost of settlement administration, and payment of Plaintiffs' Counsel's attorney fees and litigation expenses. Plaintiffs' Counsel will receive one-third of the total settlement amount and reimbursement of litigation expenses in the amount of $29,410.65.  (Settlement Agreement, ECF No. 113-1, at PageID # 1957.)

## ANALYSIS

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court."  *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).  To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute.  *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA

---

[1] While Representative Plaintiff brought this case as a Federal Rule of Civil Procedure 23 class action as well, she did not move for conditional certification under Rule 23.  (Mot. for Conditional Class Certification, ECF No. 8, at PageID # 48, fn. 2.)  Representative Plaintiff merely moved for conditional certification under Section 216(b) of the FLSA.  (*Id.*)  Here, Representative Plaintiff's Rule 23 claims are being dismissed without prejudice.  (Jt. Mot., ECF No. 113, at PageID # 1936.)

settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the Parties.

There is a bona fide dispute in this case as the Parties dispute whether hourly non-exempt employees were paid for all time spent before, during, and after their shifts when they were not actively taking customer calls or when they were unable to take customer calls for various reasons. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. In fact, the Parties were initially unable to resolve the case at mediation and only later reached a settlement after additional discovery and negotiations. The settlement will avoid expensive litigation for both sides, including additional formal discovery, dispositive motions, trial, and possible appeals. Plaintiffs' counsel was able to assess Defendant's payroll and timekeeping information and had an expert data analyst perform a damages analysis as part of the discovery process.

Although the Parties dispute both the existence and amount of unpaid overtime, the Parties represent that individual settlement payments reflect approximately 109% of Plaintiffs' calculated overtime damages assuming 15 additional minutes of unpaid work each workday for the 2 years preceding when they joined the case. The exact amount will be calculated on an individual basis depending on how many workweeks each plaintiff worked. The individual settlement payments are reasonable. *See Smith v. SAC Wireless, LLC*, No. 20-10932, 2022 WL 1744785, at *3 (E.D. Mich. May 31, 2022) (citing *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1609, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010)); *see also Yorba v. Barrington Sch., LLC*, No. 2:21-cv-691, 2022 WL 2436952, at *5 (S.D. Ohio July 5, 2022) (Sargus, J.). Representative Plaintiff will receive a $10,000 service award in addition to her individual payment. The proposed service award is reasonable and consistent with normal service awards approved by the Court. *Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-CV-426, 2019 WL 275711, at *6 (S.D. Ohio Jan. 18, 2019) (Dlott, J.)

Moreover, attorneys' fees in the amount of one-third of the total settlement amount are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Morse v. NTI Services, Corp.*, No. 2:20-cv-02173, 2021 WL 4350485, at *2 (S.D. Ohio September 17, 2021) (finding attorney fees award that represents one-third of the total settlement amount are reasonable). The Court further finds that reimbursement of Plaintiffs' counsel's out-of-pocket costs is similarly reasonable. *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376, at *7 (S.D. Ohio Nov. 25, 2019) (Rice, J.).

## CONCLUSION

The Parties' Joint Motion is **GRANTED**. (ECF No. 113.) The Clerk is **DIRECTED** to

enter judgment dismissing this case with prejudice.  This case is closed.  The Court retains jurisdiction over the action to enforce the terms of the Settlement.

**IT IS SO ORDERED.**

**4/24/2024**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                         **EDMUND A. SARGUS, JR.**
                                                 **UNITED STATES DISTRICT JUDGE**